IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HEATHER HINTERBERGER, | ) |
|---|---|
| Plaintiff, | ) ) ) 1:08-cv-317 |
| v. | ) |
| IROQUOIS SCHOOL DISTRICT and SALLY LOFTUS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court is the PLAINTIFF'S MOTION FOR REVIEW OF TAXATION OF COSTS PURSUANT TO FED. R. CIV. P. 54(d)(1) filed by Heather Hinterberger. (ECF No. 91). Defendants Iroquois School District and Sally Loftus have filed a response in opposition. (ECF No. 92). Accordingly the motion is ripe for disposition.

### I. Background

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of the procedural history relevant to the issues presently before the Court.

Plaintiff commenced this action by filing a Writ of Summons in the Court of Common Pleas of Erie County on June 6, 2008. Defendants removed the matter to the Erie Division of this Court on November 17, 2008.

Plaintiff filed a six-count Amended Complaint on September 10, 2010 in which she alleged various state-created danger theories, municipal liability, and pendent state-law tort claims. On September 26, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment.

More specifically, the Court granted the motion as to all remaining claims against

Iroquois School District but denied it as to the § 1983 claim against Loftus. The Court held that because the alleged constitutional right was clearly established as of the time of the accident, Loftus was not entitled to qualified immunity. Loftus timely appealed.[1]

The United States Court of Appeals for the Third Circuit reversed the judgment of the district court on December 5, 2013, holding that Loftus was entitled to qualified immunity. A Certified Judgment (issued in lieu of a formal mandate) followed.

On December 11, 2013, Defendants filed a Bill of Costs in the amount of $7,362.89. Following the Certified Judgment, this Court ordered the Clerk to mark this matter closed and to tax any appropriate costs against Plaintiff. The Clerk of Court called for objections to the Bill of Costs on January 2, 2014. Plaintiff timely filed her objections on January 23, 2014.

After careful consideration of the Bill of Costs, the objections, and the record, the Clerk of Court issued his Taxation of Costs on March 12, 2014 in the amount of $4,942.80 in favor of Defendants and against Plaintiff. Plaintiff filed her motion for review on March 19, 2014

In her filing, Plaintiff "does not object to the Clerk's specific calculations of potentially taxable costs; rather, [she] seeks to strike all costs based upon her financial condition and inability to pay." (ECF No. 91 at 2). Alternatively, Plaintiffs request that the Court enter an order reducing the costs sought. Defendants filed their response in opposition on April 10, 2014. For the reasons that follow, the motion will be granted in part and denied in part.

**II.  Standard of Review**

The taxation of costs by the Clerk is subject to *de novo* review by the district court. *Reger v. Nemours Found. Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000)).

---

1. This action was reassigned to the undersigned for all further proceedings during the pendency of the appeal.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As stated, the Rule creates a "strong presumption" that all costs authorized for payment will be awarded to the prevailing party. *Reger,* 599 F.3d at 288. (quoting *In re Paoli*, 21 F.3d at 461). "'Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" *Id.* (quoting *In re Paoli*, 21 F.3d at 462-63). Therefore, the burden rests with the non-prevailing party. *See id.*

A district court may consider the following factors in reviewing the Clerk's award of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *In re Paoli*, 221 F.3d at 468. In contrast, a district court may not consider "'(1) the losing parties' good faith in pursuing the instant litigation; (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* at 462.

If a district court "denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Reger*, 599 F.3d at 288 (citing *In re Paoli*, 221 F.3d at 468). "This is so because the denial of such costs is akin to a penalty." *Id.* (citation omitted).

### III. Discussion

Plaintiff argues that the imposition of costs against her would be inequitable based on her meek financial means. In support, Plaintiff attaches several bank statements, a roommate cost-sharing agreement, tax returns, her student loan payment history, and monthly bills.

Defendants, on the other hand, contend that Plaintiff fails to overcome the presumption in favor of awarding costs. Further, Defendants cite *Nw. Mut. Life Ins. Co. v. Babayan*, 253 F. App'x 205, 207 (3d Cir. 2007), for the proposition that it is "not inequitable to require [a] purportedly indigent plaintiff to pay costs in the amount of $4,7770.94."[2] (ECF No. 92 at 4).

"The most important of the [Rule 54(d)] factors is the losing party's indigency or inability to pay 'the full measure' of a costs award against it." *In re Paoli*, 221 F.3d at 463. A finding of indigency or inability to pay does not, however, require a district court to automatically reduce costs. *Id.* at 464. Instead, the decision ultimately rests within the sound discretion of the trial court. *See id.* at 464 n.5 ("[T]here are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination").

Here, in the exercise of that discretion, the Court will reduce the award of costs. The record evidence Plaintiff submits in her filing reveals that she is a twenty-five-year-old speech communications college graduate, employed approximately twenty-five hours per week as a bartender at a local Erie restaurant, with a gross yearly income of roughly $17,000.00 in 2013 and a projected gross income of $11,000 for 2014. Further, Plaintiff projects that her gross income for 2014 may increase to about $20,000.00 to $25,000.00 in 2014 should she obtain full-time employment. But even if Plaintiff is able to do so, a conservative estimate of her yearly living expenses totals about $21,000.00—only $4,000.00 less than the top-end of her potential earnings and $10,000.00 more than her current projection. Plaintiff also has no appreciable assets and owes over $32,000.00 in student loans.

---

2. This Court reads *Babayan* somewhat differently. In that case, the district court reduced Defendant's costs from $6,437.44 to $4,770.94 based on her "modest economic resources." 253 F. App'x at 207. On appeal, the court rejected Defendant's argument that the district court abused its discretion when it imposed costs at a reduced rate. *Id.* at 207-08.

This record evidence, coupled with common sense, indicates that Plaintiff cannot afford to pay the full amount of the costs taxed against her by the Clerk of Court. At the same time, the Plaintiff has not shown that she is so destitute as to warrant a reduction to zero. Thus, as a matter of equity, the Court will reduce the amount taxed against Plaintiff from $4,942.80 to $2,000.00.

## IV.     Conclusion

For the reasons hereinabove stated, the Court will grant the Motion for Review of Taxation to the extent that Plaintiff seeks a de novo review of and a reduction to the Clerk of Court's Taxation of Costs; and will deny the motion to the extent that Plaintiff requests that this Court strike the Taxation of Costs in its entirety. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER HINTERBERGER,<br><br>Plaintiff,<br><br>v.<br><br>IROQUOIS SCHOOL DISTRICT and SALLY LOFTUS,<br><br>Defendant. | 1:08-cv-317 |

## ORDER OF COURT

AND NOW, this 14th day of April, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that PLAINTIFF'S MOTION FOR REVIEW OF TAXATION OF COSTS PURSUANT TO FED. R. CIV. P. 54(d)(1) is **GRANTED IN PART AND DENIED IN PART**, and the costs taxed by the Clerk of Court on March 12, 2014 in the amount of $4,942.80 in favor of Defendants and against Plaintiff are reduced.

**IT IS FURTHER ORDERED** that costs are hereby taxed in the amount of $2,000.00 in favor of Defendants and against Plaintiff.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Thomas V. Myers, Esquire**
Email: tmyers@nicholsandmyers.com
**Marissa Savastana Watts, Esquire**
Email: mwatts@mijb.com
**T. Warren Jones, Esquire**
Email: tjones@mijb.com
**Richard A. Lanzillo, Esquire**
Email: rlanzillo@kmgslaw.coM